UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVELODGE HOTELS, INC.,** | Civ. No. 2:13-3280 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **JC & APR INVESTMENTS, LLC, LEANE ZIFF, and PHILLIP FAHEY,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on Plaintiff's motion for default judgment against Defendants JC & APR Investments, LLC ("JC & APR"), Leane Ziff ("Ziff"), and Phillip Fahey ("Fahey") and pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 inasmuch as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. The Court has personal jurisdiction over Defendants pursuant to the Franchise Agreement at issue in this case. For the reasons set forth below, the motion is granted with respect to JC & APR and Ziff only.

Plaintiff commenced this action on May 23, 2013. (ECF No. 1) The Complaint alleges that Plaintiff and JC & APR entered into a Franchise Agreement

1

(the "Agreement") on June 9, 2010. (Complaint at ¶ 10) Pursuant to the Agreement, JC & APR was required to make certain periodic payments and fulfill other obligations to Plaintiff. (Complaint at ¶¶ 12-19)

The Complaint alleges that Ziff and Fahey were the only members of JC & APR. (Complaint at ¶ 5) The Complaint alleges that Ziff and Fahey provided Plaintiff with a Guaranty of JC & APR's obligations under the Agreement. (Complaint at ¶ 20) The Complaint alleges that JC & APR breached the Agreement by failing to pay recurring fees and failing to meet other obligations. The Affidavit of Plaintiff's Senior Director of Contract Compliance, Suzanne Fennimore, which accompanies the motion for default judgment, documents liabilities totaling $257,474.92, composed of recurring fees of $105,880.90, liquidated damages plus interest of $146,576.24, and fees and costs of $5,117.78.

Plaintiff personally served the Summons and Complaint on Ziff on July 1, 2013. (ECF No. 5) The time for Ziff to answer or otherwise respond to the Complaint expired. *See* Fed. R. Civ. P. 12(a).

Despite diligent efforts, Plaintiff was not able to personally serve JC & APR and Fahey. (*See* Affidavits of Diligent Service, ECF No. 14-2) By letters dated July 10, 2013, Plaintiff served JC & APR and Fahey via regular and certified mail. (Certification of Bryan Couch, Exhibit B) Service on Fahey and JC & APR was therefore properly effected pursuant to Federal Rule of Civil Procedure 4(e)(1) and

New Jersey Court Rule 4:4-4(b)(1)(C).  According to Plaintiff, JC & APR and Fahey have failed to answer or otherwise respond to the Complaint.

Fahey, acting *pro se*, sent a letter to Plaintiff's counsel on July 18, 2013.  Fahey mailed a copy of the letter to the Court on August 8, 2013.  (ECF No. 7)  In this letter, Fahey claimed that the signature on the Guaranty was not his, and he denied that he was a member of JC & APR.

Fahey also provided Plaintiff's attorney and the Court with copies of his notarized signature.  (ECF No. 8)  The Court received the notarized signatures on August 20, 2013.  The signature on the Guaranty that is allegedly Fahey's does appear very similar to Ziff's signature, which is located above the space for Fahey's signature.  (Certification of Bryan Couch, Exhibit B)  The signature on the Guaranty that is allegedly Fahey's differs from the notarized signatures.  (ECF No. 8)

Plaintiff requested default pursuant to Federal Rule of Civil Procedure 55(a) on August 7, 2013, and the Clerk entered default against all Defendants on August 8, 2013. (ECF No. 6)  Plaintiff filed the instant motion for default judgment on May 23, 2014 and served Defendants with notice of the motion on May 23, 2014.  (ECF No. 14)  Neither Ziff nor JC & APR opposed.  Fahey opposed.  (ECF No. 15)

Default judgment should be entered against Ziff and JC & APR, but not against Fahey. "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a

3

meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment against Ziff and JC & APR.  First, the Court finds that there is no basis for Ziff and JC & APR to claim a meritorious defense, as Plaintiff provided ample evidence that JC & APR entered into and then breached a license agreement with Plaintiff. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011).  Moreover, the Court finds that Ziff personally guaranteed the obligations of JC & APR. Second, it is clear that Plaintiff has been prejudiced by Ziff and JC & APR's failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009).  Third, where, as here, Ziff and JC & APR have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

Fahey's letter of July 18, 2013 provided a plausible factual basis for finding

4

that Fahey is not liable. This letter served the function of a timely-served Answer. *See* Fed. R. Civ. P. 12(a). Therefore, the Court will liberally construe that letter as an Answer and will construe Fahey's opposition to Plaintiff's motion for default judgment as a cross-motion to vacate default. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that the Court construes filings by *pro se* litigants liberally); *see also RLS Associates, LLC. v. United Bank of Kuwait PLC.*, 01 CIV 1290 CSH, 2002 WL 122927 (S.D.N.Y. Jan. 29, 2002) (noting that a *pro se*'s letter denying liability can be construed as an Answer.).

The decision to set aside an entry of default rests within the Court's discretion. *See* Fed.R.Civ.P. 55(c); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). Courts generally disfavor entry of default judgment. *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009). All doubts are resolved in favor of setting aside default so that cases may be decided on the merits. *Livingston Metal Powder, Inc. v. N.L.R.B.,* 669 F.2d 133, 136 (3d Cir. 1982) (*citing Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976)).

Courts consider three factors in determining whether to vacate the entry of default under Federal Rule of Civil Procedure 55(c): (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced if default judgment is not granted; (3) whether the defendant's delay in defending was the result of

5

culpable misconduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, all three factors sway in favor of vacating default against Fahey. Fahey has the meritorious defense that he never signed the Guaranty. Vacating default does not unduly prejudice Plaintiff because Fahey sent Plaintiff's attorney a letter making clear his defense to liability within 21 days of receiving the Complaint. Therefore, vacating default based on this defense comes as no surprise to Plaintiff. Fahey has no culpability here other than his technical failure to file a formal Answer before the entry of default.

For the foregoing reasons, the Court will grant Plaintiff's motion for default judgment with respect to Ziff and JC & APR. The Court will deny the motion with respect to Fahey. Furthermore, the Court will vacate default against Fahey and construe his letter of July 18, 2013 as his Answer to the Complaint.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**DATE: July 22, 2014**